# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., <br><br> Petitioner, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent. <br> ──────────────────────── <br><br> BASIN ELECTRIC POWER COOPERATIVE, et al., <br><br> Intervenors. <br> ──────────────────────── | No. 24-9516 <br> (FERC Docket No. ER21-2818) |
| UNITED POWER, INC., <br><br> Petitioner, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent. <br> ──────────────────────── <br><br> BASIN ELECTRIC POWER COOPERATIVE, et al., <br><br> Intervenors. <br> ──────────────────────── | No. 24-9532 <br> (FERC Docket No. ER21-2818-000) |

|  |  |  |
|---|---|---|
| TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 24-9538 |
| FEDERAL ENERGY REGULATORY COMMISSION, | ) ) ) ) | (FERC Docket No. ER21-2818-002) |
| Respondent. | ) ) ) | |
| ——————————————— | ) ) | |
| UNITED POWER, INC., et al., | ) ) ) | |
| Intervenors. | ) | |

# UNOPPOSED MOTION TO DISMISS
# OF UNITED POWER, INC.

1.  United Power, Inc. ("United Power") is Petitioner in Case No. 24-9532. Intervenor-Petitioners in support of United Power include La Plata Electric Association, Inc. ("La Plata"), Mountain Parks Electric, Inc. ("MPEI"), and Northwest Rural Public Power District ("NRPPD" and collectively, "Distribution Cooperatives"). This Court consolidated Case No. 24-9532 with the related Petitions for Review of Tri-State Generation and Transmission Association, Inc. ("Tri-State") in Case Nos. 24-9516 and 24-9538. United Power now moves to dismiss its Petition for Review in Case No. 24-9532, with each party to bear its own costs and fees. United Power contacted the Commission, Tri-State, Basin

2

Electric Power Cooperative, La Plata, MPEI, and NRPPD, and no party opposes the motion.

2. Tri-State has also filed Petitions for Review in Case Nos. 25-9522 and 25-9544. On July 9, 2025, this Court issued an order asking the parties whether Case Nos. 24-9516, 24-9532, and 24-9538 should be consolidated with Case Nos. 25-9522 and 25-9544 so that oral argument would likely be scheduled in the January 2026 term. Tri-State, United Power, La Plata, MPEI, and NRPPD supported consolidation, but this Court has not yet decided the issue.

3. Both sets of Petitions for Review are closely related and involve challenges to orders of the Federal Energy Regulatory Commission (the "Commission" or "FERC") that established a contract termination payment ("CTP") or exit fee methodology to allow members of Tri-State to end service under Tri-State's tariff (Rate Schedule No. 281) and to depart the Tri-State system.

4. Broadly speaking, Case Nos. 24-9516, 24-9532, and 24-9538 involve Petitions for Review filed by Tri-State and United Power that challenge different aspects of the Commission's Order on Initial Decision, *see Tri-State Generation & Transmission Ass'n, Inc.*, 185 FERC ¶ 61,201 (Dec. 19, 2023) ("Order on Initial Decision"), the notice of denial of rehearing by operation of law, *see Tri-State Generation & Transmission Ass'n, Inc.*, 186 FERC ¶ 62,071 (Feb. 20, 2024), and

3

the merits rehearing order, *see Tri-State Generation & Transmission Ass'n, Inc.*, 187 FERC ¶ 61,101 (May 23, 2024).

5. After the Commission established the CTP methodology, Tri-State was required to make compliance filings with respect to Rate Schedule No. 281 in order to implement the Commission's Order on Initial Decision. On December 5, 2024, the Commission rejected Tri-State's second compliance filing and, among other things, concluded that Tri-State had (1) undercalculated the amount of transmission credit owed a departing Western Interconnection member for its prepayment of transmission-related debt, and (2) continued to use the rejected lost revenues approach to overcalculate Eastern Interconnection members' power purchase agreement costs, resulting in an inflated CTP for those members. *See Tri-State Generation & Transmission Ass'n, Inc.*, 189 FERC ¶ 61,165, at PP 56-58, 85 (Dec. 5, 2024).

The Commission subsequently denied rehearing by operation of law. *See Tri-State Generation & Transmission Ass'n, Inc.*, Notice of Denial of Rehearing By Operation of Law and Providing for Further Consideration, 190 FERC ¶ 62,073 (Feb. 6, 2025). On April 29, 2025, the Commission issued a merits rehearing order granting clarification in part and continuing to reach the same result as the Second Compliance Order. *See Tri-State Generation & Transmission Ass'n, Inc.*, 191 FERC ¶ 61,088 (Apr. 29, 2025). Tri-State filed two Petitions for Review in this

Court challenging the Commission's orders. This resulted in Case Nos. 25-9522 and 25-9544.

6. In the meantime, proceedings have continued at the Commission, as Tri-State tries to implement the Commission's Order on Initial Decision of December 19, 2023. On August 4, 2025, the Commission issued an order that found that Tri-State's proposed transmission credit for withdrawing members was too small because of a failure to return the full amount of transmission-related debt as a transmission credit. *Tri-State Generation & Transmission Ass'n, Inc.*, 192 FERC ¶ 61,109, at PP 82-84 (2025). On September 3, 2025, Tri-State made its seventh compliance filing with the Commission. *Tri-State Generation & Transmission Ass'n, Inc.*, Compliance Filing at Attachment C, Docket No. ER21-2818-012 (Sept. 3, 2025). Tri-State now calculates United Power's transmission credit as being $296.3 million. *Id.* This is approximately $124.1 million more than what Tri-State had originally proposed.

7. United Power now moves to dismiss its Petition for Review in Case No. 24-9532. In its petition, United Power challenged the Commission's decision to sua sponte create the transmission-crediting mechanism, which required United Power to pay an enormous exit fee of $627.2 million and to receive transmission credits for its payment of transmission-related debt. The credits are to be used over a 40-year period and are subject to forfeiture.

5

Unfortunately, it has taken extensive litigation at the Commission over the last 20 months to prod Tri-State into providing the correct transmission credit. Tri-State's first compliance filing provided a credit of $172.2 million for United Power. *Tri-State Generation & Transmission Ass'n, Inc.*, Compliance Filing at Ex. 1, Docket No. ER21-2818-003 (Jan. 25, 2024). Tri-State's second compliance filing increased the amount to $179.3 million. *Tri-State Generation & Transmission Ass'n, Inc.*, Compliance Filing at Ex. 1, Docket No. ER21-2818-003 (Jan. 25, 2024). Tri-State's sixth compliance filing revised the credit to $231.4 million. *Tri-State Generation & Transmission Ass'n, Inc.*, Compliance Filing at Attachment E, Docket No. ER21-2818-010 (May 29, 2025). Tri-State's seventh compliance filing finally provides the full credit of $296.3 million. *Tri-State Generation & Transmission Ass'n, Inc.*, Compliance Filing at Attachment C, Docket No. ER21-2818-012 (Sept. 3, 2025). The seventh compliance filing also provides updated calculations for other Western Interconnection members who have already exited or may exit the system, including Intervenor-Petitioners MPEI and La Plata. *Id.*

8.   In the interest of judicial economy and efficiency, United Power moves to dismiss its Petition for Review in Case No. 24-9532. Dismissing United Power's petition will reduce the claims being considered by the Court. This should conserve scarce judicial resources and assist this Court in its decisionmaking

process. As a practical matter, while United Power wishes the Commission had not created the transmission-crediting mechanism, it can live with the Commission's decision now that Tri-State, after seven rounds of compliance filings, has properly calculated the transmission credit under the Commission's directives. In addition, United Power, La Plata, MPEI, and NRPPD are not-for-profit member-owned rural electric distribution cooperatives. Their members directly bear the cost of litigation, and, as a result, it is in their interest to reduce those costs to the greatest extent practicable. This is especially important given rising electricity costs that affect all of their member-owners.

From United Power's perspective, it is long past time for this litigation to end. United Power first requested an exit fee amount from Tri-State in August 2018. Litigation over the exit process and the fee under Tri-State's Rate Schedule No. 281 has taken United Power on an odyssey to the Colorado Public Utilities Commission, Colorado state court, almost six years of proceedings at the Commission, review in the D.C. Circuit, and now this Court. United Power has always recognized that it would have to pay an exit fee, but it has sought a fair, transparent process and a just and reasonable methodology for establishing the amount.

Tri-State's response to the Commission's requirement to calculate an exit fee was to insist on a ransom payment from United Power of $1.6 billion. Under the Commission's orders, Tri-State ultimately received $627.2 million from United Power and must now provide a transmission credit of $296.3 million. While United Power could continue to litigate its claim, it is mindful of its obligations to its members and has no desire for this matter to become a latter-day Rockies version of *Jarndyce v. Jarndyce*.[1]

In short, United Power is ready to lay down its arms and move on. MPEI and La Plata similarly seek finality with respect to their exits from Tri-State. For that reason, United Power believes there is now good cause to file this motion to dismiss and hopes that doing so will assist this Court in its consideration of Tri-State's remaining claims. United Power, MPEI, La Plata, and NRPPD will continue to participate in this Court as Intervenor-Respondents in support of the Commission in the Tri-State appeals.

9.   United Power contacted the Commission, Tri-State, Basin Electric Power Cooperative, La Plata, MPEI, and NRPPD, all of which do not oppose this motion to dismiss with each party to bear its own costs and fees.

---

[1]   Charles Dickens, *Bleak House* (1853) (describing a probate dispute in the English Court of Chancery that lasts several generations, with the legal costs ultimately devouring the entire estate, rendering the legal decision moot).

WHEREFORE, United Power respectfully requests that this motion to dismiss the Petition for Review in Case No. 24-9532 be granted with each party to bear its own costs and fees.

> Respectfully submitted,
>
> /s/ Norman C. Bay
> Norman C. Bay
> WILLKIE FARR & GALLAGHER LLP
> 1875 K Street, N.W.
> Washington, DC  20036
> Tel:  (202) 303 1155
> Email:  nbay@willkie.com
>
> *Counsel for United Power, Inc.*

Dated:  October 8, 2025

# CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), I hereby certify that on October 8, 2025, I caused the foregoing document to be served on all parties or their counsel of record through the CM/ECF system.

                     */s/ Norman C. Bay*
                     Norman C. Bay